UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,      **MEMORANDUM AND ORDER**
    **OF CONDITIONAL RELEASE**
       -against-
    00-CR-1037 (SLT)
AARON AMARTEI COMMEY,

       Defendant.
------------------------------------------------------------x
AARON AMARTEI COMMEY,

       Petitioner,

       -against-     14-CV-510 (SLT)

UNITED STATES OF AMERICA,

       Respondent.
------------------------------------------------------------x
AARON AMARTEI COMMEY,

       Petitioner

       -against-     14-CV-1741 (SLT)

JEFF GRONDOLSKY,

       Respondent.
------------------------------------------------------------x

**TOWNES, United States District Judge:**

Judge David G. Trager committed Aaron Amartei Commey ("Mr. Commey") to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4243(e) on January 23, 2004, after finding him not guilty of by reason of insanity of five felony counts relating to his attempt to hijack a commercial jetliner. On November 14, 2014, Lisa Sanders—the Warden of the Federal Medical Center in Springfield, Missouri ("MCFP Springfield"), where Mr. Commey is currently hospitalized—certified that Mr. Commey had recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of medical,

psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Warden Sanders' certificate requested that "this Court order that Mr. Commey be discharged" from MCFP Springfield under certain conditions which were set forth in Warden Sanders' November 4, 2014, letter to the Court.

By order dated November 20, 2014, the Court directed the Clerk of Court to provide a copy of Warden Sander's certificate and letter to Mr. Commey, Mr. Commey's counsel and the attorney for the Government and gave the parties until December 4, 2014, to move for the hearing contemplated by 18 U.S.C. § 4243(f). That order expressly provided that, unless it received a motion for a hearing, the Court would order that Mr. Commey be released from MCFP Springfield under the conditions set forth in Warden Sanders' November 4, 2014, letter.

To date, no one has requested a hearing. However, the Government requests that "when the Court orders Mr. Commey's release under the conditions set forth in Warden Sanders' November 4, 2014 letter, that the Court include the following additional condition: That Mr. Commey stay away from any airport." Letter to Hon. Sandra L. Townes from AUSA Whitman G.S. Knapp (emphasis omitted). Mr. Commey's counsel does not object to that condition, provided that it is modified to permit Mr. Commey to travel by air upon application to, and approval by, the Court or any United States Probation or Bureau of Prisons official supervising him.

Since the parties agree upon this additional condition, as modified, the Court will added it to conditions set forth in Warden Sanders' November 4, 2014 letter. The Court finds these conditions to be narrowly drawn and calculated to further Mr. Commey's treatment and re-

psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another. Warden Sanders' certificate requested that "this Court order that Mr. Commey be discharged" from MCFP Springfield under certain conditions which were set forth in Warden Sanders' November 4, 2014, letter to the Court.

By order dated November 20, 2014, the Court directed the Clerk of Court to provide a copy of Warden Sander's certificate and letter to Mr. Commey, Mr. Commey's counsel and the attorney for the Government and gave the parties until December 4, 2014, to move for the hearing contemplated by 18 U.S.C. § 4243(f). That order expressly provided that, unless it received a motion for a hearing, the Court would order that Mr. Commey be released from MCFP Springfield under the conditions set forth in Warden Sanders' November 4, 2014, letter.

To date, no one has requested a hearing. However, the Government requests that "when the Court orders Mr. Commey's release under the conditions set forth in Warden Sanders' November 4, 2014 letter, that the Court include the following additional condition: That Mr. Commey stay away from any airport." Letter to Hon. Sandra L. Townes from AUSA Whitman G.S. Knapp (emphasis omitted). Mr. Commey's counsel does not object to that condition, provided that it is modified to permit Mr. Commey to travel by air upon application to, and approval by, the Court or any United States Probation or Bureau of Prisons official supervising him.

Since the parties agree upon this additional condition, as modified, the Court will added it to conditions set forth in Warden Sanders' November 4, 2014 letter. The Court finds these conditions to be narrowly drawn and calculated to further Mr. Commey's treatment and re-

acclimation to society, and not to unduly restrict Mr. Commey's freedom. Accordingly, it is

**ORDERED**

1. That Mr. Commey be conditionally released from the custody of the Attorney General under the following specific conditions:

    a. That Mr. Commey reside in a Residential Reentry Center, as appointed by the United States Probation Officer assigned to his case ("the USPO"), for a period of time, not to exceed 180 days, or until appropriate housing can be secured by Mr. Commey. While in the Residential Reentry Center, Mr. Commey will adhere to all rules and conditions established by that Center. Mr. Commey will not change his residence without prior approval by the USPO.

    b. That Mr. Commey be supervised by United States Probation ("Probation") and follow all instructions given by Probation.

    c. That Mr. Commey actively participate in, and cooperate with, a regimen of mental health care and psychiatric aftercare as directed by the USPO and administered by the treating mental health provider. Under this condition, the USPO may direct that Mr. Commey voluntarily admit himself to an inpatient psychiatric facility for stabilization should it become necessary. Mr. Commey will follow all the rules, regulations and instructions of the treatment staff and comply with the treatment regimen recommended.

    d. That Mr. Commey waives his rights to confidentiality regarding his mental health and medical treatment in order to allow the sharing of information with the USPO

and among members of the treatment team, who will assist in evaluating his ongoing appropriateness for community placement.

e. That Mr. Commey refrain from the use of alcohol and illegal drugs, as well as the abuse of over-the-counter medications; submit to random urinalysis testing as warranted by the treating mental health staff and/or Probation; and participate in substance abuse treatment if necessary.

f. That Mr. Commey not have in his possession at any time actual or imitation firearms or weapons, and that Mr. Commey not write, say, or otherwise communicate any threats.

g. That Mr. Commey submit his person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media to a search conducted by a United States Probation Officer. An officer may conduct a search pursuant to this condition only upon reasonable suspicion that Mr. Commey has violated a condition of his release and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Mr. Commey's failure to submit to a search may alone be grounds for revocation of his conditional release. Mr. Commey shall warn any other occupants of his house, residence and/or office that the premises may be subject to searches upon this condition.

h. That Mr. Commey be restricted from traveling outside of the designated perimeters set by Probation, except with the prior approval of the USPO.

i. That Mr. Commey not commit a federal, state, or local crime and immediately notify Probation if he is arrested or questioned by any law enforcement officer. Mr Commey may not associate with any persons engaged in criminal activity or associate with any person convicted of a felony unless granted permission by United States Probation.

j. That Mr. Commey stay away from any airport unless he has applied for permission to travel by air and that application has been approved by the Court, the USPO, or any Bureau of Prisons official supervising him.

2. Mr. Commey's failure to adhere to any of the conditions of release set forth above may result in his return to the custody of the United States Attorney General, after which this Court will review his suitability for conditional release.

3. The treating mental health provider shall immediately notify the USPO of any changes in the prescribed regimen of medical or psychiatric care, including any failure by Mr. Commey to take prescribed medication or to cooperate with any other requirements of treatment. The treating mental health provider and the USPO may at any time recommend the modification or elimination of all or part of the regimen of medical, psychiatric or psychological care or treatment, upon certification to the Court that the recommended changes will not create a substantial risk of bodily injury to another person or serious damage to the property of another. Any recommendation to modify or terminate a condition of release shall be accompanied by documentation to support the request, and shall be sent to the USPO, to the United States Attorney for the Eastern District of New York, and to Mr. Commey and his counsel, if any.

4. The USPO shall file annual reports with the Court with respect Mr. Commey's condition and progress, and shall provide copies of such reports to the United States Attorney for the Eastern District of New York, Mr. Commey and his counsel, if any.

5. Although this Order of Conditional Release is to be executed forthwith, the Bureau of Prisons may delay Mr. Commey's release until satisfactory arrangements can be made for Mr. Commey's transportation, housing in a Residential Reentry Center, and mental health aftercare. The USPO shall notify the Court of the actual release date after all such arrangements have been made.

**SO ORDERED.**

                                                                S/
                                              SANDRA L. TOWNES
                                              United States District Judge

Dated: December 5, 2014
       Brooklyn, New York