UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

AARON AMARTEI COMMEY,

              Defendant.
-------------------------------------------------------x

**MEMORANDUM AND ORDER
AND NOTICE OF HEARING**

00-CR-1037 (SLT)

**TOWNES, United States District Judge:**

On January 23, 2004, the late Judge David G. Trager committed denfendant Aaron Amartei Commey ("Mr. Commey") to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4243(e) after finding him not guilty of by reason of insanity of five felony counts relating to his attempt to hijack a commercial jetliner. Thereafter, Mr. Commey was hospitalized in Bureau of Prisons facilities for almost 11 years before the warden of the Federal Medical Center in which he was then hospitalized certified that Mr. Commey had recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

In *United States v. Commey*, Nos. 00-CR-1037 (SLT), 14-CV-510 (SLT), & 14-CV-1741 (SLT), 2014 WL 6899946 (E.D.N.Y. Dec. 5, 2014), the Court ordered that Mr. Commey be released from the Federal Medical Center upon certain conditions. The Court required, among other things, that Mr. Commey "reside in a Residential Reentry Center, as appointed by the United States Probation Officer assigned to his case ..., for a period of time, not to exceed 180 days, or until appropriate housing can be secured by Mr. Commey," and that Mr. Commey "adhere to all rules and conditions established by that Center." *Id.* at *1.

In a submission filed with the Court on June 9, 2015, Mr. Commey now moves for a temporary restraining order and preliminary injunction. In essence, his motion requests that the conditions of Mr. Commey's release be modified in two respects. First, Mr. Commey—who states that he faces eviction from the Residential Reentry Center within a month—seeks to enjoin the Center from discharging him before he secures a place to live. Second, Mr. Commey seeks an order exempting him from certain restrictions on his liberty which have been imposed by the Center since he began living there in early January 2015.

Mr. Commey's request for a temporary restraining order is denied. Under Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant certifies in writing any efforts made to give notice and the reasons why it should not be required. Nothing in Mr. Commey's submission suggests that he provide written or oral notice to the Government or to the United States Attorney's Office before filing his submission. Moreover, since Mr. Commey's submission indicates that his release from the Residential Recovery Center is not imminent and that alleged restrictions on his liberty have been in place since early January 2015, Mr. Commey has not demonstrated a need for immediate relief. Furthermore, Mr. Commey's submission does not include a writing describing his efforts to notify the Government of his application for a temporary restraining order or explaining why he should not be required to make those efforts.

Although Mr. Commey's application for a temporary restraining order is denied, a hearing will be held on Mr. Commey's application for a preliminary injunction in Courtroom 4B of the Theodore Roosevelt Courthouse, 225 Cadman Plaza East, Brooklyn, New York, on Tuesday, June 16, 2015, at 10:00 a.m. The Clerk of Court shall serve a copy of this Memorandum and Order on the United States Attorney's Office. The Probation Department is directed to serve a copy of this Memorandum and Order on Mr. Commey by hand or by overnight mail on or before 5:00 p.m. on June 12, 2015.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: June 10, 2015
Brooklyn, New York